IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAVERN MOORER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civ. No. 06-273-SLR<br>Crim. No. 01-071-SLR |

Lavern Moorer, pro se, Petitioner.

Colm F. Connolly, United States Attorney and Edmond Falgowski, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware. Counsel for Respondent.

**MEMORANDUM OPINION**

Dated: February 20, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Petitioner Lavern Moorer is a federal inmate currently incarcerated at FCI Schuylkill. Before the court is petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 70, 74) Respondent United States of America has filed its opposition, to which petitioner has replied. (D.I. 76, 77) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's § 2255 motion will be denied without holding an evidentiary hearing.

## II.   BACKGROUND

On August 8, 2002, petitioner pled guilty to two counts of an indictment charging him with: (1) possession with intent to distribute greater than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii)(II); and (2) possession of a firearm by a felon, in violation of 21 U.S.C. § 922(g)(1) and 924(a)(2). (D.I. 33) As part of the plea agreement and in exchange for defendant's cooperation with investigators resulting in substantial assistance, respondent agreed to file a motion pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the United States Sentencing Guidelines (the "Guidelines"). (D.I. 33)

---

[1] Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). See also United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

During the April 17, 2003 sentencing hearing, petitioner objected to the finding in the Presentence Report ("PSR") that he was a "career offender" pursuant to § 4B1.1.[2] (D.I. 62, 16-17) Petitioner asserted that his 1990 conviction should not count toward career offender status because he was sentenced as a juvenile instead of an adult. (D.I. 45; 62 at 16-17) Petitioner also moved for a downward departure pursuant to § 5K2 and § 4A1.3 Respondent recommended that the court depart 12 months to impose 176 months incarceration. The court rejected petitioner's arguments, found he was a career offender, but granted respondent's motion 5K1.1 substantial assistance motion.[3] In pertinent part, the court stated:

> The government has filed a motion under 5K and has made its recommendation and I think it's now time for the defendant and his counsel to come forward. Basically, the door has been opened with the motion for downward departure filed by the government, and the

---

[2] Guideline § 4B1.1(a) provides that: "a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." United States v. Moorer, 383 F.3d 164, 166 (3d Cir. 2004). The PSR counted petitioner's two prior felony convictions: "(1) his 1990 conviction for aggravated assault committed while escaping from a juvenile detention facility; and (2) his 1994 conviction for possession with intent to deliver marijuana and cocaine within a school zone" as predicate offenses toward career offender classification. Id. Petitioner's criminal history category under the Guidelines was IV with a sentencing range of 85-105 months. With the career offender classification, petitioner's sentencing range under the Guidelines increased to 188-235 months incarceration.

[3] § 5k1.1 provides that a district court may depart from the Guidelines on a motion by the government stating that the defendant provided substantial assistance in the investigation or prosecution of another person who has committed an offense. The court is not limited to the government's reasons for the departure. United States v. Bruno, 897 F.2d 691, 694 (3d Cir. 1990). The decision to depart from guidelines is not subject to appellate review nor is the court's determination of the extent of that departure reviewable. United States v. Khalil, 132 F.3d 897, 898 (3d Cir. 1997)

> question remains what an appropriate sentence is in this case.
>
> \*      \*      \*
>
> I am authorized to depart from the guideline calculations based on the government's motion for substantial assistance. Taking into consideration everything, I believe that a sentence of 120 months, which is a substantial departure, is an appropriate sentence. Again, I certainly hope the defendant does actually appeal because I think the whole issue of juveniles – of young people with adult convictions is an issue that needs to be addressed, and I don't believe that the Third Circuit has yet, so I hope that does happen.

(D.I. 62 at 47, 57) Petitioner was sentenced to a term of incarceration of 120 months followed by a term of five years of supervised release. (D.I. 54)

Petitioner filed a direct appeal to the United States Court of Appeals for the Third Circuit. (D.I. 55) On May 5, 2004, the Third Circuit heard oral argument on petitioner's appeal. On June 24, 2004, the United States Supreme Court issued <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[4]

Subsequently, petitioner filed a pro se motion with the Third Circuit arguing "that under <u>Blakely v. Washington</u>, a jury should have determined whether he was a career offender." 383 F.3d 164, 169 n.4.  On August 3, 2004, the Third Circuit ordered that "all motions relating to the Supreme Court's decision in <u>Blakely</u> will be held c.a.v."[5] On August 6, 2004, respondent submitted its opposition brief, arguing that <u>Blakely</u> did not invalidate the federal sentencing guidelines.

---

[4] The Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

[5] "c.a.v." is an abbreviation for curia advisari vult, e.g., the court will be advised, will consider, will deliberate. Blacks Law Dictionary 201 (5th ed. 1979).

On September 20, 2004, the Third Circuit affirmed the sentencing judgment, concluding that "[a]n adult conviction qualifies as a 'prior felony conviction' for purposes of career offender status whether the conviction results in an 'adult' or 'juvenile' sentence". United States v. Moorer, 383 F.3d at 168. The Court rejected petitioner's pro se argument because Blakely "governed only factual determinations" while petitioner's "status as a career offender was purely a matter of law under" the Guidelines. Id. at 169.

On October 22, 2004, petitioner moved for rehearing en banc, which was denied on November 4, 2004. The Third Circuit's mandate issued on November 16, 2004. On January 12, 2005, the Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220 (2005).[6] On February 15, 2005, petitioner filed a writ of certiorari with the United States Supreme Court. On May 2, 2005, the Supreme Court denied the petition. Petitioner's pro se motion to vacate was filed on April 24, 2006.

## III. EVIDENTIARY HEARING

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005) (denying a petitioner's request for an evidentiary hearing is

---

[6]The Supreme Court held that, under the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. The Booker remedial opinion rendered the Guidelines "effectively advisory." Id. at 245. "Under the post-Booker sentencing framework, the district court will consider the applicable advisory Guidelines range in addition to factors set forth in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 162, 163 (3d Cir. 2005).

an abuse of discretion when files and records of case conclusively establish movant is entitled to relief); accord United States v. Booth, 432 F.3d 542, 545-546 (3d Cir. 2005) (district court is required to hold an evidentiary hearing unless the records of the case demonstrate clearly that the petitioner is not entitled to relief); Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

## IV.   DISCUSSION

### A. Resentencing

Petitioner asserts that he must be resentenced because the court erred at sentencing in believing that the Guidelines were mandatory. (D.I. 70) The court was required to apply the Guidelines at the time of his sentencing, however, while petitioner's case was pending on direct appeal, the law changed rendering the Guidelines advisory instead of mandatory. Petitioner contends that this change in the law entitles him to resentencing where the court would not be required to apply the enhancement for career offender, resulting in a lower sentence range.

Respondent submits that petitioner is not entitled to be resentenced because the any error associated with the court's belief that the Guidelines were mandatory was harmless. (D.I. 76)

Without a doubt, the United States Supreme Court's decision in Booker "brought sweeping changes in the realm of federal sentencing." United States v. Davis, 407 F.3d at 163. Although the sweeping changes applied to defendants sentenced after Booker was issued, the decision was not retroactive to defendants whose sentences were final before Booker issued. Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005)

("Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued."). With respect, however, to defendants with direct appeals pending at the time Booker was issued, the Supreme Court explained:

> As these dispositions indicate, we must apply today's holdings- both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - to all cases on direct review. That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue as raised below and whether it fails the "plain-error" test. It is also because, in cases not involving a Sixth Amendment violation, whether Re-sentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.

Booker, 543 U.S. at 268 (citations omitted); United States v. Davis, 407 F.3d at 166 (Where an appellant raises a Booker claim and established plain error, however, we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the district court in the first instance); accord United States v. Pennavaria, 445 F.3d 720, 722 (3d Cir. 2006). Harmless error is "that error that did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).

In direct appeals where the district court granted a 5K1.1 motion for departure, remand for resentencing depends on whether the "district court's exercise of discretion was limited in any way by the mandatory nature of the Guidelines." United States v. Krejcarek, 453 F.3d 1290 (10th Cir. 2006). Indeed, by granting a 5K1.1 motion, the district court is not bound by the Guidelines nor restricted in any manner:

> [O]nce a district court exercises its discretion to depart from the Guidelines, determination of the extent of that discretionary departure is within the sound discretion of the sentencing court and is not limited in any way by the Guidelines, the [g]overnment's recommendation, or any agreement between the parties. Stated differently, § 5K1.1 itself provides that, in deciding whether, and to what extent, to depart from the Guidelines, the court is free to consider any factors that it deems appropriate, and once the [g]overnment has filed a motion requesting a departure under § 5K1.1, the court is in no way constrained by the Guidelines in selecting a particular sentence which it deems appropriate.

Id. at 1300.

At bar, the sentencing record reflects that the court recognized that, upon granting the 5K1.1 motion for departure, it was no longer constrained to follow the Guidelines nor was the extent of the court's departure limited in any way. (D.I. 62 at 47: "[T]he door has been opened with the motion for downward departure filed by the government") To that end, the court considered "everything," rejected the government's recommendation for a higher sentence and sentenced petitioner to 120 months - a "substantial departure" from the Guideline range of 188 - 235 months. (Id. at 57) As a result, petitioner's sentence was not adversely affected by the mandatory nature of the Guidelines; any error was harmless and resentencing unwarranted.

### B. Career Offender Classification

Petitioner next argues that the court erred by determining that his 1999 conviction in Salem County was a predicate offense toward establishing his career offender status based on documents other than the plea and plea agreement, in violation of Shepard v. United States, 544 U.S. 13 (2005).[7] (D.I. 70)

---

[7]The Supreme Court held that a sentencing court was "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea

Respondent contends that petitioner waived this argument by not raising it on direct appeal. (D.I. 76) Petitioner suggests that this claim was raised on direct appeal because the "very arguments that the petitioner made on direct appeal in his Blakely argument are very much confirmed in Sheppard." (D.I. 77 at 3)

It is well-settled that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Where a defendant has failed to raise a claim at sentencing and on direct appeal, the defendant may not obtain collateral review for that claim unless he meets his burden under the cause and actual prejudice standard. United States v. Frady, 456 U.S. 152, 167-168 (1982); United States v. Essig, 10 F.3d at 979. The failure to appeal is fatal except where the defendant can demonstrate actual innocence, or (1) cause excusing the procedural default; and (2) actual prejudice resulting from the error. Frady, 456 U.S. at 168.

The record reflects that petitioner did not raise this argument at sentencing or on appeal. He has not presented explanations to excuse the procedural default nor has he asserted claims of innocence. Petitioner's contention, however, that the argument is not waived because the Sheppard ruling is derived from the Supreme Court's decision in Blakely and Booker likewise fails because his sentence was not dependent on the mandatory nature of the Guidelines.

### C. Miscalculation of Guideline Range

---

colloquy, and any explicit factual finding by the trial judge to which the defendant assented," when deciding whether a generic burglary conviction was a violent felony for purposes of the Armed Career Criminal Act. Id. at 16.

Petitioner's asserts that the court miscalculated his Guideline range as a career offender. (D.I. 70) As discussed above, upon granting the § 5K1.1 motion, there was nothing of a mandatory nature of the Guidelines; any error was harmless.

## V.   CONCLUSION

For the reasons stated, petitioner's application for relief is denied. Additionally, the court will not issue a certificate of appealability because petitioner's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2) (a certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed.R.App.P. 22; Local App. R. 22.2. An appropriate order shall issue.